Mark Summers, Defendant in Error, v. Charles J. L. Kressmann, Plaintiff in Error.

Gen. No. 14,852.

1. CORPORATIONS—*who liable under section 18 of act.* One who may not have participated in the making of the original contract but who has participated in the transaction involved in such contract out of which the liability accrued, is liable under section 18 of the Corporation Act.

2. CORPORATIONS—*who liable under section 18 of act.* A partnership existing between those pretending to be officers or agents of a pretended stock company, is not essential to the fastening of liability.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FRANK E. REED, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed January 24, 1910.

THEODORE PROULX, for plaintiff in error; PHILIP R. FRASER, of counsel.

DANIEL S. WENTWORTH and A. R. HULBERT, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Plaintiff recovered a judgment in the Municipal Court against the defendant for $150, claimed to be due for services rendered in auditing the books of the defendant, alleged to have been doing business under the name of Economy Water Tube and Tile Company. There is no controversy as to the amount of the claim, but the defendant Kressmann denies that he had any interest in the business of the Economy Water Tube and Tile Company, and asserts that he is not liable for its debts. It is admitted on both sides that the Economy Company was not incorporated, although there are intimations that some steps were taken to that end. The plaintiff was engaged to audit the accounts by one Warwick, said to have been interested as a partner in the business of the Economy Company with defendant

Kressmann. In the course of the audit a majority of the checks examined were found to have been signed by defendant Kressmann as treasurer of the Economy Company. It is admitted by Kressmann that he signed the checks "Economy Water Tube & Tile Company per Charles J. Kressmann, Treasurer," and these checks were apparently drawn and used in the ordinary conduct of the business. There is evidence, not disputed, that the plaintiff was paid for part of the services in controversy by a check signed "The Economy Water Tube and Tile Company, Charles J. L. Kressmann, Treasurer," and that this check came to plaintiff directly from defendant Kressmann.

It is claimed in behalf of the plaintiff that the judgment is supported by the evidence tending to show that the defendant Kressmann and one John F. Warwick were doing business using the name of a pretended corporation, without complying with the provisions of section 18 of the general incorporation Act, and are therefore liable jointly and severally for all debts and liabilities made by them and contracted in the name of such pretended corporation. On the other hand it is urged in behalf of the defendant that it does not appear defendant Kressmann took part in the creation of the indebtedness by any affirmative voluntary action on his part, or that he approved of it. While it appears the plaintiff was employed to do the work by Warwick and not directly by Kressmann, there is evidence tending to show that the latter was fully cognizant of what was being done, that the auditors sought and obtained of him from time to time during the progress of the auditing such information as was needed relating to the affairs of the company. There was therefore participation on his part in "the creation of the debt or liability, or at least some participation in the particular transaction out of which the indebtedness arose." Edwards v. Dettenmaer, 88 Ill. App. 366, cited by defendant's counsel. To ignore this evidence of participation in the business and arbi-

trarily limit liability to the actual creator of the debt alone, would be to take a very narrow view of the meaning and intent of the statute. See Seymour v. Richardson, 103 Ill. App. 625-629-30.

It is we think immaterial whether an actual partnership is proved to have existed or not between Warwick and defendant Kressmann. If Kressmann was in the language of said section 18 of the statute "pretending to be an officer or agent" of a "pretended stock corporation," or was using "the name of any such corporation or pretended corporation" which had not complied with the provisions of the Act, as there is evidence tending to show he was, then the statutory liability was incurred.

The judgment of the Municipal Court must therefore be affirmed.

*Affirmed.*